RENDERED: MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0635-MR

CHRISTOPHER GRIBBINS $\qquad$ APPELLANT

APPEAL FROM MARION CIRCUIT COURT
v.        HONORABLE DAN KELLY, JUDGE
ACTION NO. 12-CR-00128

COMMONWEALTH OF KENTUCKY $\qquad$ APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND MCNEILL, JUDGES.

GOODWINE, JUDGE: Christopher Gribbins appeals from the April 6, 2020 and

April 13, 2020 orders of the Marion Circuit Court denying his motion for relief

under CR[1] 60.02, CR 60.03, and the Eighth Amendment of the United States

Constitution. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND

On July 17, 2014, a jury found Gribbins guilty of wanton murder.[2] The trial court subsequently imposed a sentence of twenty years' imprisonment. The Kentucky Supreme Court affirmed Gribbins' conviction on direct appeal. *Gribbins v. Commonwealth*, 483 S.W.3d 370 (Ky. 2016). He then filed a motion under RCr[3] 11.42 alleging ineffective assistance of counsel which remains pending before the trial court.

On April 3, 2020, Gribbins filed a motion under CR 60.02(f), CR 60.03, and the Eighth Amendment requesting relief from the remainder of his sentence due to his risk of contracting SARS-CoV-2 ("COVID-19"). Gribbins alleges he is at increased risk of contracting COVID-19 due to his incarceration and is in a high-risk category for complications from the virus because he is currently being treated for cancer and is immunocompromised. On April 6, 2020, the trial court denied the motion on all grounds. Upon Gribbins' motion for additional findings of fact, the trial court found, "[t]he court is not persuaded that the defendant, on the facts alleged, is exposed to a greater risk of exposure to the Covid 19 virus in the penitentiary [*sic*] than in the public in general." Record ("R") at 372. This appeal followed.

---

[2] Kentucky Revised Statutes (KRS) 507.020(1)(b), a capital offense.

[3] Kentucky Rules of Criminal Procedure.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). A trial court's denial of a CR 60.03 motion is also reviewed for abuse of discretion. *Rogers Group, Inc. v. Masterson*, 175 SW.3d 630, 636 (Ky. App. 2005) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

Questions of constitutionality are reviewed *de novo*. *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

## ANALYSIS

On appeal, Gribbins argues: (1) the trial court abused its discretion in denying his motion under CR 60.02(f); (2) the trial court abused its discretion in denying his motion under CR 60.03; (3) he is entitled to relief under the Eighth Amendment; and (4) he is entitled to an evidentiary hearing on his motion.

First, Gribbins is not entitled to relief under CR 60.02(f). A trial court may relieve a party from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." CR 60.02(f). This rule "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*,

453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)).  To succeed on a claim under CR 60.02(f), "the movant must specifically present facts which render the original trial tantamount to none at all." *Foley*, 425 S.W.3d at 885-86 (citation and internal quotation marks omitted).

This Court has determined "results of incarceration" are not proper considerations under CR 60.02(f).  *Wine*, 699 S.W.2d at 754.  Later, in *Ramsey*, 453 S.W.3d at 739, this Court held physical ailments are not trial defects and do not qualify as "claims of an extraordinary nature" entitling someone to relief under CR 60.02(f).  We are similarly persuaded that Gribbins' risk of contracting COVID-19 is not a proper consideration for relief under CR 60.02(f) because it does not relate to trial proceedings.  Therefore, the trial court did not abuse its discretion in denying his CR 60.02 motion.

Next, Gribbins' claim under CR 60.03 must fail.

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds.  Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

CR 60.03.  "This rule is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017).  Because Gribbins' argument on the same grounds fails under CR 60.02(f), it

follows that he is also not entitled to relief under CR 60.03. *See Foley*, 425 S.W.3d at 888.

Furthermore, Gribbins has failed to establish all necessary elements for equitable relief under CR 60.03.

> Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground –such as fraud, accident, or mistake –for the equitable relief.

*Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005), *abrogated on other grounds by Woodall v. Commonwealth*, 563 S.W.3d 1 (Ky. 2018). We agree with the parties that Gribbins did not cause the COVID-19 pandemic.

Nonetheless, Gribbins cannot succeed under CR 60.03 because he has failed to establish a recognized ground for equitable relief. While Gribbins is correct that the rule does not limit potential grounds for equitable relief to fraud, accident, or mistake, it does require that a movant establish a *recognized* ground for relief. Gribbins makes only conclusory statements that he has met the requirements set out in *Bowling* without identifying the recognized ground for relief under which his claim is made. Such statements are an insufficient basis for this Court to grant relief. *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018).

As such, the trial court did not abuse its discretion by denying Gribbins' motion under CR 60.03.

Furthermore, Gribbins is not entitled to relief under the Eighth Amendment. The Eighth Amendment is violated "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs –*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Griffith v. Franklin County, Ky.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 12 L. Ed. 2d 22 (1993). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citation omitted). The Eighth Amendment prohibits deliberate indifference to prison conditions which may result in future harm to prisoners' health. *Helling*, 509 U.S. at 33, 113 S. Ct. 2475.

However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v.*

-6-

*Brennan*, 511 U.S. 825, 844, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The Sixth Circuit recently considered an Eighth Amendment claim relating to COVID-19 in *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020). Therein, the Sixth Circuit held, despite an outbreak ultimately occurring at the prison in question, the Bureau of Prisons had not been deliberately indifferent to the prisoners' health and safety because it responded reasonably to the risks posed by COVID-19 by implementing a plan to reduce those risks. *Id.* at 840-41.

COVID-19 poses a significant threat to those living in confinement, and there is an increased risk of complications for individuals with certain health conditions, including cancer. However, Gribbins has not proven the prison has been deliberately indifferent to his condition or the risks posed by COVID-19, nor that he has been deprived of any necessary medical care. Instead, he admits the Department of Corrections ("DOC") has instituted protocols for responding to the virus and the prison has complied with those measures. He further admits the DOC has continued to transport him for cancer treatment. Gribbins' subjective belief that the DOC's protocols are inadequate is insufficient to sustain an Eighth Amendment claim. The trial court did not err in denying his motion.

Finally, we find no merit in Gribbins' argument that he was entitled to an evidentiary hearing. "Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and

further allege special circumstances that justify CR 60.02 relief." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). As Gribbins alleges no such facts or special circumstances, the trial court did not err in denying his request for an evidentiary hearing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joshua R. Bolus
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky