Helen R. CAWOOD, Appellant,

v.

Charles D. CAWOOD, Appellee.

Court of Appeals of Kentucky.

Dec. 4, 1959.

James S. Golden, James C. Helton, Julian H. Golden, Golden, Helton & Golden, Pineville, for appellant.

Hubert F. White, Middlesboro, for appellee.

CULLEN, Commissioner.

The appeal is from orders overruling a motion and supplemental motion made under CR 60.02, by Helen R. Cawood, to set aside a divorce judgment granted to her husband, and for a new trial on the question of alimony.

The divorce judgment, granted on December 4, 1958, allowed the wife lump sum alimony, consisting of cash and personal property, in the amount of $21,500. She appealed, maintaining that the alimony allowance was inadequate. On that appeal the judgment has been affirmed. Cawood v. Cawood, Ky., 329 S.W.2d 567.

In September 1959 (while the appeal from the divorce judgment was pending), Mrs. Cawood filed her motion under CR 60.02 to have the judgment set aside. The motion was accompanied by her affidavit, stating that on August 10, 1959, she underwent an operation for the removal of a cancer of the breast; and that due to the operation and its permanent effect she would be disabled from earning her own living, and had been and would be subjected to medical and hospital expenses. She predicated her motion upon those provisions of CR 60.02 authorizing the setting aside of a judgment on the ground of newly discovered evidence, or if "it is no longer equitable that the judgment should have prospective application," or for a "reason of an extraordinary nature justifying relief from the operation of the judgment."

The husband, with his response to the motion, submitted a copy of a biopsy, showing that there was no evidence of a spread of cancer beyond the tissue removed in the operation, and a statement showing that the medical and hospital expenses of the operation had been taken care of by the husband's insurance and by a professional courtesy waiver.

The court overruled the motion. Mrs. Cawood then renewed her motion, and filed the affidavit of her doctor, which stated that the operation was performed, that there was no way to determine to what other parts of the body active cancer cells might have spread, that Mrs. Cawood would be required to undergo a course of therapy, and that in the doctor's opinion it would be difficult for Mrs. Cawood to obtain employment due to her history of having had cancer.

The trial court overruled the renewed motion and the appeal here is from the orders overruling both motions.

While it is most unfortunate that Mrs. Cawood has suffered an attack of the dreaded disease of cancer, we are unable to find in this fact a basis for setting aside the judgment.

A judgment granting lump sum alimony is not subject to modification upon a change of conditions, as is the case where alimony is payable in installments. Renick v. Renick, 247 Ky. 628, 57 S.W.2d 663; Campbell v. Campbell, 240 Ky. 202, 41 S.W.2d 1093. So such a judgment should be accorded the same security and finality as any other final judgment.

The ground of newly discovered evidence is not available because there is nothing to show that the cancerous condition was in existence at the time of the trial of the di-

vorce action. Generally, it is held that facts not in existence at the time of trial do not constitute a ground for a new trial because of newly discovered evidence. 66 C.J.S. New Trial § 101, p. 294; Beck v. Brown, 4 Ky.Law Rep. 437, 11 Ky.Op. 808; Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S.W.2d 961.

While CR 60.02 authorizes the setting aside of a judgment if "it is no longer equitable that the judgment should have prospective application," we think it is clear that this ground relates only to such judgments as remain in whole or in part unenforced, and thus are capable of having "prospective application," and does not apply to a judgment which has been satisfied in full.

Under Ground No. 6 of CR 60.02, a judgment may be set aside for a reason of an extraordinary nature justifying relief from the operation of the judgment. However, because of the desirability of according finality to judgments, this clause must be invoked only with extreme caution, and only under most unusual circumstances. If the courts were to treat subsequent changes of physical condition as reasons of an extraordinary nature warranting the setting aside of alimony judgments, there would be no finality to such judgments. There would be no suitable basis for establishing any time limitations. Here, the condition developed some nine months after the judgment. If this judgment should be set aside, what would prevent the setting aside of a judgment for a change of physical condition occurring ten years after the judgment?

Even if it should be considered that a change of physical condition, occurring within a comparatively short time after an alimony judgment, might under some circumstances give rise to equities justifying the setting aside of the judgment, we do not find such equities here. In the first place, Mrs. Cawood had asserted in the trial that she was suffering from various health impairments · that would seriously limit her earning capacity, and the evidence as to her subsequent cancer may be considered to some extent cumulative. In the second place, the evidence produced on her motion does not establish with certainty that she will be wholly unable to engage in remunerative employment. And in the third place, the essential fact remains that she was found almost entirely at fault in the breakup of the marriage, so that her right to any alimony at all hung on a thin thread. In view of the degree of fault attributed to her, the question of her physical condition was not a vitally controlling one, and we cannot say that there is any certainty that the judgment would have been any different had the cancerous condition been in evidence on the trial.

The orders are affirmed.