**William Maxwell WINE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1985.

Case Ordered Published by Court of Appeals Nov. 22, 1985.

Patterson DeCamp, Appellate Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and REYNOLDS, JJ.

HOWARD, Judge.

This is an appeal from the denial of appellant's motion pursuant to CR 60.02.

The appellant, William Maxwell Wine, pleaded guilty to ten counts of first-degree robbery on October 4, 1982. Subsequently, the appellant was sentenced to fifteen years on each count with the sentences to be served concurrently.

The appellant was eligible for shock probation and following the appellant's motion a hearing was held on March 18, 1983. The trial court noted that the appellant was an educated person who held a responsible position of employment and who had no prior record. However, the appellant committed a series of 10 robberies in which the victims were faced with the fear of death or serious injury by the appellant's use of what appeared to be a pistol, but was actually a toy gun. Further, the trial court stated that because of the number of offenses, it would be unfair to grant the appellant shock probation when others are serving full sentences for conviction for only one offense of robbery. The trial court denied the motion but did recommend minimum security consideration and early parole evaluation.

After several denials of his requests for early parole, the appellant filed a *pro se* motion for relief under CR 60.02(f) on January 17, 1984. A similar motion was later filed by appointed counsel. Following a hearing, the trial court denied the appellant's motion on August 23, 1984, stating that no defect or error existed in the record and that the evidence of family hardships was insufficient grounds to grant the relief sought. The appellant contends that the trial court abused its discretion in denying the motion.

CR 60.02(f) allows the trial court to relieve a party from its final judgment under any "reason of an extraordinary nature justifying relief." The "extraordinary" grounds the appellant cites is the adverse effect the appellant's incarceration is having on his family, particularly his son. The appellant seeks a reduction of his sentence from fifteen to ten years in order that he may qualify for parole at an earlier time. He points out that his imprisonment has caused great emotional trauma to his son which, in turn, has necessitated that his son be placed with relatives outside of Jefferson County.

The Court in *Gross v. Commonwealth,* Ky., 648 S.W.2d 853, 856 (1983), stated:

CR 60.02 was enacted as a substitute for the common law writ of coram nobis. The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear or other sufficient cause.

In *Harris v. Commonwealth,* Ky., 296 S.W.2d 700 (1956), the Court held that CR 60.02 does not extend the scope of the remedy afforded through coram nobis nor provides any additional grounds for relief. Thus, the grounds for relief on a motion pursuant to CR 60.02 are essentially those stated in *Gross, supra.*

The appellant asserts that the family hardships were unknown to him at the time of his guilty pleas and were not an issue at his sentencing. The appellant admits that whether such hardship amounts to a reason of an extraordinary nature has not been decided in Kentucky, but urges that we adopt that position. We refuse to do so.

In general, the reasons behind CR 60.02 listed in *Gross, supra,* and in the rule itself have to do with some significant defect in the trial proceedings or evidence at trial, etc., such that "a substantial miscarriage of justice will result from the effect of the final judgment." *Wilson v. Commonwealth,* Ky., 403 S.W.2d 710, 712 (1966). The hardships cited by the appellant have no relation to the trial proceedings or any additional undiscovered evidence not presented at trial but only concern the adverse effect the appellant's incarceration is having on his family. In all likelihood, the family of every defendant sentenced to a prison term suffers some degree of adversity from the defendant's incarceration. Although the hardships on the appellant's family may be greater than the average, we simply fail to see how family hardships of any severity are so extraordinary that a "substantial miscarriage of justice" will result and relief under CR 60.02(f) would be justified.

Further, if changes in family or other conditions were viewed as proper grounds for relief under CR 60.02(f), great uncertainty would arise surrounding the finality of judgments.

In *Cawood v. Cawood,* Ky., 329 S.W.2d 569 (1959), a wife received a lump-sum alimony in a divorce action and after discovering some nine months following the final judgment that she had cancer, sought relief under CR 60.02 to receive additional funds.

Although the instant case is a criminal action and *Cawood* is a civil matter involving somewhat different considerations, we find the Court's reasoning instructive.

> However, because of the desirability of according finality to judgments, this clause (CR 60.02(f)) must be invoked with extreme caution, and only under most unusual circumstances. If the courts were to treat subsequent changes of physical condition as reasons of an extraordinary nature warranting the setting aside of alimony judgments, there would be no finality to such judgments. There would be no suitable basis for establishing time limits.

*Id.* at 571.

We think that finality of judgments is equally important with regard to criminal actions if not more so. Further, if changes in family conditions and other results of incarcerations were to become proper considerations under CR 60.02(f), the courts would be overwhelmed with often meritless CR 60.02 motions by criminals seeking alterations in their sentences. We believe that questions of such family hardships are more appropriately a consideration of the parole boards.

Therefore, the trial court did not abuse its discretion in denying the appellant's motion pursuant to CR 60.02(f). The judgment of the Jefferson Circuit Court is affirmed.

All concur.