RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1081-MR

JEROME THOMAS                                                    APPELLANT


APPEAL FROM MCCRACKEN CIRCUIT COURT
v.      HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE
ACTION NO. 11-CR-00042


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

COMBS, JUDGE: Appellant, Jerome Thomas (Thomas), appeals from an order of

the McCracken Circuit Court denying his motion to amend its final judgment.

After our review, we affirm.

On April 26, 2012, the McCracken Circuit Court entered an order

following Thomas's plea of guilty to "Count 1- Murder; Count 2- Tampering with

Physical Evidence; and Count 3 (as amended) -- Theft by Unlawful Taking under $500" and sentencing Thomas to a total of 25-years' imprisonment.

On July 15, 2020, Thomas, *pro se*, filed a motion to amend the final judgment, asking the McCracken Circuit Court that he be relieved of the remainder of his sentence pursuant to CR[1] 60.02(f), CR 60.03, and the Eighth and Fourteenth Amendments of the United States Constitution. Thomas argued that he was at an increased risk of contracting COVID-19 due to his incarceration. He claimed that he is at higher risk of complications if he does contract COVID-19 due to his underlying medical conditions, which include diabetes, asthma, hypertension, obesity, and chronic pain syndrome.

In an order entered on August 10, 2020, the trial court denied Thomas's motion. The court explained that Kentucky courts have found CR 60.02 motions to be an inappropriate avenue for relief based upon circumstances unrelated to the trial proceedings, citing *Ramsey v. Commonwealth*, 453 S.W.3d 738 (Ky. App. 2014), (physical ailments are not trial defects), and *Wine v. Commonwealth*, 699 S.W.2d 752 (Ky. App. 1985) (family hardship does not amount to trial defect or otherwise relate to trial proceedings). Based upon the same circumstances relating to COVID-19, Thomas alternatively sought relief under CR 60.03, which "allows for independent actions for 'relief from a

---

[1] Kentucky Rules of Civil Procedure.

judgment, order or proceeding on appropriate equitable grounds,' so long as the [stated] grounds . . . have not been denied previously under CR 60.02 nor . . . time-barred by CR 60.02." The court further explained that a movant seeking CR 60.03 relief must show: that no other remedy is available; that his own fault, neglect or carelessness did not create the circumstances upon which relief is sought; and that a recognized ground for the equitable relief -- such as fraud, accident or mistake -- exists, citing *Bowling v. Commonwealth*, 163 S.W.3d 361 (Ky. 2005).

The trial court concluded as follows:

> Movant seeks relief from judgment based upon the ongoing COVID-19 pandemic, though not claiming to be suffering from the virus. . . . [T]he relief sought cannot be granted by CR 60.02 motion, because there is no alleged error in the underlying trial proceedings or in pronouncement of the judgment. Likewise, because the Movant has not presented circumstances sufficient to warrant vacating the remainder of his sentence as appropriate equitable relief, the independent action brought pursuant to CR 60.03 is denied.

Thomas appeals. The standard of our review on appeal is abuse of discretion.

> Whether a Defendant is entitled to the extraordinary relief provided by CR 60.02 is a matter left to the "sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996) (quoting *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (internal citations omitted)).

*Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017). Thomas argues that the trial court abused its discretion in denying his motion to amend because the claims he raised meet all requirements under CR 60.02(f), CR 60.03, the Eighth and Fourteen Amendments to the United States Constitution as well as Sections 2 and 17 of the Kentucky Constitution. We cannot agree.

The Commonwealth draws our attention to *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021),[2] in which this Court addressed a substantially identical argument. Gribbins requested relief from the remainder of his sentence. He alleged that he was at an increased risk of contracting COVID-19 due to his incarceration and at an increased risk of complications due to his immunocompromised condition from cancer treatment. This Court held that:

> Gribbins is not entitled to relief under CR 60.02(f). A trial court may relieve a party from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." CR 60.02(f). This rule "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). . . .

---

[2] CR 76.28(4) ("[U]npublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court.").

This Court has determined "results of incarceration" are not proper considerations under CR 60.02(f). *Wine*, 699 S.W.2d at 754. Later, in *Ramsey*, 453 S.W.3d at 739, this Court held physical ailments are not trial defects and do not qualify as "claims of an extraordinary nature" entitling someone to relief under CR 60.02(f). We are similarly persuaded that Gribbins' risk of contracting COVID-19 is not a proper consideration for relief under CR 60.02(f) because it does not relate to trial proceedings. Therefore, the trial court did not abuse its discretion in denying his CR 60.02 motion.

Next, Gribbins' claim under CR 60.03 must fail.

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

CR 60.03. "This rule is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). Because Gribbins' argument on the same grounds fails under CR 60.02(f), it follows that he is also not entitled to relief under CR 60.03. . . .

*Id.* at \*1-2. For the same reasons, we conclude that Thomas is not entitled to relief under CR 60.02(f) or CR 60.03 in the case before us.

Thomas also contends that the denial of his motion violates his right to equal protection under the Fourteenth Amendment. He essentially argues that

-5-

he is not eligible for release due to COVID-19 (unlike non-violent inmates) because he pled guilty to a violent crime. Although Thomas's motion to amend does state that it was filed pursuant to the Fourteenth Amendment, it does not appear that Thomas raised this argument in the trial court. Accordingly, we may not consider it for the first time on appeal. *Skaggs v. Commonwealth*, 488 S.W.3d 10 (Ky. App. 2016).

Thomas also argues that his continued incarceration during the COVID-19 pandemic would deny him his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Another panel of this Court addressed that very issue in *Williams v. Commonwealth*, No. 2019-CA-0964-MR, 2021 WL 943753, at *3 (Ky. App. Mar. 12, 2021),[3] and held that:

> Williams further maintains that his continued
> confinement violates the Eighth Amendment prohibition
> against cruel and unusual punishment where he is unable
> to take sufficient protective action against contracting
> COVID-19, given his heightened vulnerability for serious
> complications therefrom. While we are not insensitive to
> Williams's concerns, this argument likewise fails because
> the claim does not arise from the trial proceedings or the
> sentence itself but, rather, from the present conditions of
> Williams's confinement. Conditions of confinement
> claims are civil in nature; as such, the sentencing court is
> not the proper forum to address them. *See, e.g.*, *Ramsey*,
> 453 S.W.3d at 739 (CR 60.02 not the appropriate means
> for seeking relief on deprivation of desired medical

---

[3] CR 76.28(4).

-6-

treatment while incarcerated), and KRS[4] 454.415 (inmates raising conditions of confinement claims must exhaust administrative remedies prior to seeking relief by civil proceedings). Because we find that the sentencing court was not the correct forum to raise this claim, the court did not err in denying relief.

For those same reasons, we also conclude that the trial court did not err in denying relief in the case before us.

We AFFIRM the order of the McCracken Circuit Court denying Thomas's motion to amend the final judgment and sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jerome Thomas, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky

---

[4] Kentucky Revised Statutes.