RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1431-MR

CLEYON TANNER          APPELLANT

|   | APPEAL FROM MCCRACKEN CIRCUIT COURT |
|---|---|
| v. | HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE |
|   | ACTION NO. 19-CR-00870 |

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Cleyon Tanner filed a post-conviction motion under

Kentucky Rules of Civil Procedure (CR) 60.02 and 60.03 asking to be released

from incarceration due to fear of contracting COVID-19. The McCracken Circuit

Court denied the motion. We affirm.

Pursuant to his guilty plea, Tanner was sentenced in December 2019

to two years' imprisonment for fleeing or evading police in the first degree. That

sentence was ordered to run consecutively to "any sentence received in any other indictment."[1]  In August 2020, Tanner filed a motion for post-conviction relief under CR 60.02 and 60.03.  The crux of the motion was Tanner's assertion that he "is at increased risk of contracting the pandemic virus, COVID-19, a novel virus, which poses a large risk to public health that may be alleviated, in part, by release of persons from confinement in close quarters."

Tanner did not mention having any specific medical condition which increases his risk of contracting, or dying from, the virus.  Thus, his request for relief is based solely on his incarcerated status.  Of course, as Tanner notes, inmates are vulnerable to the virus since they are unable to practice some of the remediation measures scientists and physicians have urged the general public to undertake, such as social distancing.  Tanner briefly alleged that his continued incarceration during the pandemic violates the Eighth Amendment to the United States Constitution, made applicable to states via the Fourteenth Amendment.  Tanner asked the trial court to suspend further execution of his sentence or to impose an alternative sentence, such as home incarceration.

---

[1] Because it is not before us, we express no opinion on the propriety of Tanner's sentence being ordered to run consecutively with all other sentences for all other indictments without *any* geographical, temporal, or other limitations.  The only trial court record before us is from indictment 19-CR-00870.  However, we note that the caption of Tanner's CR 60.02 and 60.03 motion lists indictment numbers 19-CR-00870, 19-CR-00872, and 19-CR-00484, but the trial court's order denying the motion refers only to indictment 19-CR-00870, as does Tanner's notice of appeal.  Thus, we address only indictment 19-CR-00870.

A little less than a month later, the McCracken Circuit Court denied the motion without the Commonwealth's having filed a response. The court noted, accurately as we will discuss herein, that Kentucky precedent holds that CR 60.02 relief is unavailable for circumstances unrelated to the underlying criminal proceedings. The court also held that Tanner had not presented sufficient grounds to receive relief under CR 60.03. Tanner then filed this appeal *pro se*.

As it pertains to this case, CR 60.02(f) permits a court to grant relief in circumstances of an "extraordinary nature justifying relief." CR 60.03 similarly permits a court to grant relief upon "appropriate equitable grounds."[2] Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under that rule is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004). A trial court's ruling on a CR 60.02 motion "receives great deference on appeal and will

---

[2] CR 60.03 provides in relevant part that:

Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment . . . on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

not be overturned except for an abuse of discretion." *Barnett*, 979 S.W.2d at 102.

CR 60.02 "replaced the common law writ of coram nobis. That writ, however, was aimed at correcting factual errors, not legal errors." *Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009). Tanner has not alleged, much less shown, *any* factual errors in his judgment of conviction. In fact, Tanner has not argued, or shown, that there are *any errors of any kind* in the judgment. CR 60.02 "specifically functions to address significant defects in the trial proceedings[,]" *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), and Tanner has not alleged *any* defects with his proceedings.

Moreover, Tanner's arguments to the contrary notwithstanding, his motion is foreclosed by precedent. Family hardships and emotional trauma are not a proper basis for CR 60.02 relief because such factors "have no relation to the trial proceedings . . . ." *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). Instead, such concerns "are more appropriately a consideration of the parole boards." *Id.* Similarly, "physical ailments of a defendant are not tantamount to trial defects" and thus do not warrant CR 60.02 relief. *Ramsey*, 453 S.W.3d at 739. If a prisoner who actually suffers from "multiple life threatening medical issues which required medical treatment unavailable to him while incarcerated" is not entitled to CR 60.02 relief, *id.*, Tanner cannot be entitled to relief based on only his subjective fear of contracting COVID-19 while incarcerated. In fact, we have

rejected similar COVID-19-based arguments made by prisoners at least five times. *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Williams v. Commonwealth*, No. 2019-CA-0964-MR and No. 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021); *Eaves v. Commonwealth*, No. 2020-CA-1276-MR, 2021 WL 3818113 (Ky. App. Aug. 27, 2021).[3] Simply put, since Thomas is not raising any claims of error stemming from his prosecution, including his guilty plea and sentence, the trial court correctly held that he is not entitled to CR 60.02 relief.

Tanner also is not entitled to relief under CR 60.03. He did not file a separate, independent action, as is envisioned by the plain language of that rule. *See, e.g.*, *Morris*, 2021 WL 1933656, at *2. Moreover, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). So, because his argument on the same core grounds fails to satisfy CR 60.02(f), Tanner is not entitled to relief under CR 60.03. *Foley v. Commonwealth*, 425 S.W.3d 880, 888 (Ky. 2014)

---

[3] Under CR 76.28(4)(c), unpublished opinions rendered after January 1, 2003 may be cited "if there is no published opinion that would adequately address the issue before the court." The parties have not cited, nor have we independently located, any published Kentucky opinions addressing the relationship between CR 60.02, CR 60.03, the Eighth Amendment and the COVID-19 pandemic.

(quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03."). We have repeatedly rejected similar arguments under CR 60.03 made by inmates during the pandemic. *Morris*, 2021 WL 1933656, at *2; *Williams*, 2021 WL 943753, at *2-3; *Gribbins*, 2021 WL 1164461, at *2; *Thomas*, 2021 WL 3117200, at *2; *Eaves*, 2021 WL 3818113, at *2.

Next, Tanner has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments. The precise parameters of his claims are not clear. Regardless, we have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons. *Gribbins*, 2021 WL 1164461, at *2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners);[4] *Williams*, 2021 WL 943753, at *3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement and thus are civil claims which are not properly brought in the sentencing court); *Morris*, 2021 WL 1933656, at *2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims must be raised in civil actions by naming the

---

[4] Though Tanner obviously believes them to be inadequate, the Kentucky Department of Corrections has outlined the steps it has taken to minimize the COVID-19 health risks to prisoners. *See Key Initiatives*, KENTUCKY DEPARTMENT OF CORRECTIONS https://corrections. ky.gov/Facilities/Documents/COVID-19/DOC%20Key%20Initiatives%201-26-21.pdf (last visited Sep. 21, 2021).

warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

In addition, Tanner's reliance upon federal authority by which inmates were granted early release due to the COVID-19 pandemic, such as *United States v. Atwi*, 455 F. Supp. 3d 426 (E.D. Mich. 2020), is misplaced. There is a federal statute specifically permitting convicted and incarcerated defendants to be granted compassionate (*i.e.*, early) release by courts. *See id.* at 428.[5] But Tanner is a state prisoner and so, though he strenuously argues to the contrary, the federal compassionate relief program is not available to him.

We also reject Tanner's newfound arguments that the trial court somehow violated the Fourth and/or First Amendments to the United States Constitution by not granting his motion for compassionate release. First, as we previously stated, there is no compassionate release program available to state prisoners. Second, as the Commonwealth correctly notes in its responsive brief, Tanner did not even cite the First or Fourth Amendment as a basis for relief in his motion. Both we and our Supreme Court have consistently "endorsed a rule that specific grounds not raised before the trial court, but raised for the first time on

---

[5] The compassionate release program does not inherently entitle federal prisoners to early release. For example, in a case cited by Tanner, a prisoner was denied compassionate relief despite having increased COVID-19 risks stemming from serious health conditions, including having partial paralysis and a blood disorder that caused him to have four strokes. *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020).

appeal will not support a favorable ruling on appeal." *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016) (internal quotation marks and citations omitted). Third, Tanner has not explained exactly what specific relevance the First or Fourth Amendments have to his situation. Vague, inadequately explained, and underdeveloped claims do not merit appellate relief. *See, e.g.*, *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 379 (Ky. App. 2018).

Tanner also insists the trial court somehow interfered with what he characterizes as his constitutional right to freedom. The exact scope of Tanner's argument is unclear. To the extent he refers to a right to freedom from incarceration, he forfeited any such right by committing a felony offense and then accepting a plea agreement which explicitly called for him to be incarcerated.

In sum, denying an unmeritorious CR 60.02/60.03 motion–which Tanner's is–violates no federal or state constitutional provisions.

As we have previously noted in similarly affirming the denial of post-conviction relief in *Eaves*, Tanner "may only receive early, pre-parole eligibility release via executive clemency[,]" which, as we have recently noted, Governor Beshear has granted to some inmates. *Eaves*, 2021 WL 3818113, at *3. And despite Tanner's erroneously arguing to the contrary, the fact that Kentucky has long been in a declared state of emergency due to the COVID-19 pandemic does not entitle him to early release, or any other type of post-conviction relief.

In conclusion, we are not unsympathetic to the COVID-19 concerns of prisoners, including Tanner. Nonetheless, the pandemic does not entitle prisoners to post-conviction relief. As we recently held in *Eaves*:

> The COVID-19 pandemic is a worldwide crisis and tragedy of epic proportions which has caused significant fear and has upended previously settled societal and governmental norms. Nonetheless, [Tanner] has not shown the pandemic entitles him, despite his health concerns, to be released early from incarceration. Thus, the trial court did not abuse its discretion, or otherwise err, in denying his motion.

*Eaves*, 2021 WL 3818113, at *3 (footnote omitted).[6]

For the foregoing reasons, the McCracken Circuit Court's order denying Cleyon Tanner's post-conviction motion is affirmed.

CETRULO, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Cleyon Tanner, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky

---

[6] We have considered all of Tanner's scattershot arguments not explicitly discussed herein but conclude none provides a basis for disturbing the trial court's decision.