RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1182-MR


ERNEST MERRIWEATHER                                        APPELLANT


|       | APPEAL FROM CHRISTIAN CIRCUIT COURT |
|-------|-------------------------------------|
| v.    | HONORABLE ANDREW SELF, JUDGE        |
|       | ACTION NO. 14-CR-00183              |


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

JONES, JUDGE:  Ernest Merriweather filed a post-conviction motion under

Kentucky Rules of Civil Procedure (CR) 60.02 and 60.03, as well as the Eighth

and Fourteenth Amendments to the United States Constitution, asking to be

released from incarceration due to the risk of contracting COVID-19.  The

Christian Circuit Court denied the motion.  Having reviewed the record and being

otherwise sufficiently advised, we affirm.

On or about March 18, 2016, following Merriweather's guilty plea to the charge of first-degree sodomy, the trial court entered a judgment of conviction sentencing Merriweather to twenty years in prison under the supervision of the Kentucky Department of Corrections. He is currently housed at Eastern Kentucky Correctional Complex (EKCC).

On August 21, 2020, acting without the assistance of counsel, Merriweather filed a motion based on CR 60.02, CR 60.03, and the Eighth and Fourteenth Amendments to the United States Constitution to suspend further execution of his sentence or, alternatively, to allow home incarceration. Merriweather claims that his incarceration during the COVID-19 pandemic puts him at an elevated risk of contracting the virus because he suffers from diabetes and hypertension. After the trial court denied his motion, Merriweather filed this appeal.

A trial court ruling on a CR 60.02 motion "will not be overturned [on appeal] except for an abuse of discretion." *Barnett v. Commonwealth*, 979 S.W.2d 98, 102 (Ky. 1998). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

The purpose of CR 60.02 is "to address significant defects in the *trial proceedings*." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (emphasis added). Merriweather's sentence was imposed following his guilty plea. He has not alleged any procedural or substantive defects that occurred with respect to the entry of his plea or at the time the trial court entered its initial judgment. His allegations concern EKCC's response to the COVID-19 pandemic, which began approximately four years *after* Merriweather was sentenced. While we are sympathetic to the fact that Merriweather's medical condition places him at an elevated risk, the simple fact remains that "[t]he hardships cited by [him] have no relation to the trial proceedings or any additional undiscovered evidence not presented at trial[.]" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). As such, we discern no abuse of discretion by the trial court with respect to its denial of relief pursuant to CR 60.02. *Id.*

Merriweather is similarly not entitled to CR 60.03 relief. CR 60.03 states:

> Rule 60.02 shall not limit the power of any court to entertain *an independent action* to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

(Emphasis added.) Additionally,

[r]elief [under CR 60.03] requires a showing of three elements: "Claimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground . . . for the equitable relief."

*Meece v. Commonwealth*, 529 S.W.3d 281, 295-96 (Ky. 2017) (quoting *Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005)).

In addition to filing his motion in his criminal case and not as an independent action as required by CR 60.03, Merriweather cannot show that no other remedies are available to him. When conditions of confinement are at issue, like they are here, the proper avenue is for the prisoner to pursue his claims through the prison grievance system. *See* KRS[1] 454.415. If the prisoner still has concerns after fully exhausting his administrative remedies, he may file a civil action against the warden pursuant to KRS 418.040. A civil, conditions-of-confinement suit is the appropriate way for Merriweather to raise his constitutional challenges. *Williams v. Commonwealth*, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753, at *3 (Ky. App. Mar. 12, 2021) ("Conditions of confinement claims are civil in nature; as such, the sentencing court is not the proper forum to address them."). While such a suit could possibly provide Merriweather with some measure of injunctive or other civil relief, it cannot

---

[1] Kentucky Revised Statutes.

provide him with relief from his criminal judgment, the remedy he sought before the trial court. *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[R]elief of an Eighth Amendment violation does not include release from confinement."); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) ("Assuming [a]rguendo that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").

For the foregoing reasons, the Christian Circuit Court's order denying Ernest Merriweather's post-conviction motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ernest Merriweather, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky