RENDERED: JUNE 3, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1204-MR

DAVID CAMPBELL                                    APPELLANT


APPEAL FROM LIVINGSTON CIRCUIT COURT
v.         HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 05-CR-00033-001


COMMONWEALTH OF KENTUCKY                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: David Campbell, *pro se*, brings this appeal from an August 16, 2020, order of the Livingston Circuit Court denying his motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.02, CR 60.03, Kentucky Rules of Criminal Procedure (RCr) 10.02, RCr 10.26, and the Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

In 2006, Campbell entered a guilty plea to 16 counts of second-degree rape, 16 counts of second-degree sodomy, 16 counts of incest, 16 counts of first-degree sexual abuse, possession of a handgun by a convicted felon, and 4 counts of possession of a firearm by a convicted felon.[1] By final judgment entered June 19, 2006, Campbell was sentenced to a total of forty-years' imprisonment.

On July 27, 2020, Campbell filed a motion pursuant to CR 60.02, CR 60.03, RCr 10.02, and RCr 10.26 seeking to be released from incarceration[2] because of COVID-19. Therein, Campbell asserted that due to his preexisting medical conditions the potential of COVID-19 exposure was a direct threat to his health. Campbell further asserted that incarceration during the COVID-19 pandemic violated his rights under the Eighth Amendment and the Fourteenth Amendment of the United States Constitution. The circuit court denied Campbell's motion by order entered August 16, 2020. This appeal follows.

Campbell initially asserts that the circuit court erred by denying his motion, pursuant to CR 60.02, CR 60.03, RCr 10.02, and RCr 10.26, for relief from the June 19, 2006, final judgment imposing the forty-year sentence of imprisonment. We will address entitlement to relief under each rule.

---

[1] David Campbell pleaded guilty to numerous counts of rape, sodomy, incest, and sexual abuse related to acts he committed against his step-daughter, who was less than fourteen years of age.

[2] At the time Campbell filed his motion seeking release from incarceration, he was housed at Luther Luckett Correctional Complex.

Our standard of review upon a motion brought pursuant to CR 60.02 and CR 60.03 is an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). Constitutional questions are reviewed *de novo*. *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018).

## CR 60.02

CR 60.02 generally "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). Campbell, however, is not alleging any defect or error related to the prosecution of his case or his sentence of imprisonment. Rather, Campbell maintains that he should be entitled to release from his forty-year sentence of imprisonment because of his increased risk of complications if he were exposed to COVID-19. Campbell asserts that had he known about COVID-19 he would not have entered into the guilty plea in 2006. Regardless, Campbell has not alleged any defect in the trial process. And, as recently determined by this Court, the risks inmates face with COVID-19 "are not trial defects and do not qualify as 'claims of an extraordinary nature' entitling someone to relief under CR 60.02(f)." *Jackson v. Commonwealth*,

640 S.W.3d 99, 102 (Ky. App. 2022) (quoting *Ramsey*, 453 S.W.3d at 739). Therefore, Campbell is not entitled to relief pursuant to CR 60.02 from his forty-year sentence of imprisonment, and the circuit court did not err in denying same.

## CR 60.03

CR 60.03 provides, in relevant part, that "[CR] 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment[.]" In other words, CR 60.03 provides that an independent action may be utilized as an avenue to obtain relief from a final judgment. As Campbell has not pursued an independent action to challenge the denial of relief from his forty-year sentence of imprisonment, the court did not err in denying him relief under CR 60.03. Furthermore, similar arguments by inmates pursuant to CR 60.03 regarding COVID-19 have been rejected. *See Jackson*, 640 S.W.3d at 102; *Martin v. Commonwealth*, 639 S.W.3d 433, 437 (Ky. App. 2022). Thus, we reject Campbell's argument that the circuit court erred by denying him CR 60.03 relief.

## RCr 10.02

RCr 10.02(1) provides, in relevant part, that upon the motion of a defendant, the trial "court may grant a new trial for any cause which prevented the defendant from having a fair trial[.]" By its very terms, RCr 10.02 is limited in scope to the granting of a new trial. As the relief requested by Campbell is related to the conditions of his incarceration, a new trial pursuant to RCr 10.02 is not the

proper avenue for relief.  Accordingly, we summarily affirm the circuit court's denial of Campbell's requested relief pursuant to RCr 10.02.

RCr 10.26

RCr 10.26 provides, in relevant part, that:

> [a] palable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

To begin, RCr 10.26 is a mechanism to obtain relief from an unpreserved palpable error which affects the substantial rights of a party where a manifest injustice has occurred.  RCr 10.26 does not provide a procedural mechanism for filing an independent motion thereunder.  Thus, RCr 10.26 is not the appropriate avenue for the relief Campbell is seeking from the conditions of his incarceration.  As such, we do not believe the circuit court erred by denying Campbell's request for relief under RCr 10.26.

Eighth and Fourteenth Amendments

As to Campbell's allegations under the Eighth and Fourteenth Amendments to the United States Constitution, this Court recently addressed the propriety of similar COVID-19 claims and rejected same.  In *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022), this Court specifically refused such relief stating:

-5-

Regardless, we have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons. *Gribbins*, 2021 WL 1164461, at *2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners); *Williams*, 2021 WL 943753, at *3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement and thus are civil claims which are not properly brought in the sentencing court); *Morris*, 2021 WL 1933656, at *2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims must be raised in civil actions by naming the warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

*Id.* at 436-37 (footnote omitted). In sum, if Campbell wishes to pursue claims that the Eighth and Fourteenth Amendments were violated by the conditions of his confinement, he may do so in a civil action. Therefore, we do not believe the circuit court erred by denying Campbell's motion seeking release from incarceration pursuant to violation of the Eighth and Fourteenth Amendments.

In conclusion, while we are sympathetic to Campbell's concerns regarding COVID-19 exposure, the pandemic does not entitle him to post-conviction relief under CR 60.02, CR 60.03, RCr 10.02, RCr 10.26, or the Eighth and Fourteenth Amendments. *See Martin*, 639 S.W.3d at 437.

<u>Evidentiary Hearing</u>

Campbell also maintains that he was entitled to an evidentiary hearing upon his motion seeking release from incarceration due to potential COVID-19

exposure. As we have determined Campbell was not entitled to the relief requested, we cannot say that the circuit court erred by not granting him an evidentiary hearing.

We deem any other contentions of error to be moot or without merit.

For the foregoing reasons, the August 16, 2020, order of the Livingston Circuit Court denying Campbell relief pursuant to CR 60.02, CR 60.03, RCr 10.02 and RCr 10.26 is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David Campbell, *Pro Se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky