RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0384-MR

DEMARCUS CARTER                                                      APPELLANT

v.          APPEAL FROM CHRISTIAN CIRCUIT COURT
          HONORABLE ANDREW C. SELF, JUDGE
          ACTION NOS. 16-CR-00117 AND 17-CR-00141

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  DeMarcus Carter, *pro se*, appeals from an Order entered June 17, 2020, by the Christian Circuit Court, denying his Kentucky Rules of Civil Procedure (CR) 60.02(f) and CR 60.03 motion to suspend or modify his sentence. We affirm.

Carter is serving a sentence of imprisonment resulting from his convictions in 2018 by the Christian Circuit Court of various offenses including, but not limited to, first-degree burglary and first-degree wanton endangerment. On May 14, 2020, he filed a *pro se* motion in Christian Circuit Court to amend his final judgment pursuant to CR 60.02(f), CR 60.03, and the Eighth Amendment of the United States Constitution. He cited the COVID-19 pandemic as the basis of his motion, arguing his underlying medical conditions put him at increased risk of contracting the disease while in prison, and that he was accordingly entitled to relief from the remainder of his sentence in the form of probation and GPS monitoring, or home incarceration. The Commonwealth objected to Carter's motion; and, without holding an evidentiary hearing, the circuit court ultimately entered an order denying his motion. Carter then filed this appeal, *pro se*.

At the onset, we note that arguments roughly identical to what Carter presents in this appeal were recently addressed and rejected by this Court in *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022). Bearing that in mind, we first address Carter's contention that he was entitled to relief under CR 60.02(f), which permits a trial court to relieve a defendant from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." We review denials of motions under CR 60.02 for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test

for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

CR 60.02 "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). A successful motion under CR 60.02(f) must relate to defects in the trial proceedings or undiscovered evidence not presented at trial. *Wine*, 699 S.W.2d at 754. Results of incarceration, including illnesses which occur during confinement, do not relate to those issues and thus do not qualify as claims of an "extraordinary nature" entitling a defendant to relief under CR 60.02(f). *Wine*, 699 S.W.2d at 754; *see also Ramsey*, 453 S.W.3d at 739. Therefore, the trial court did not abuse its discretion in denying Carter's motion to the extent it relied upon CR 60.02(f). *See Martin*, 639 S.W.3d at 435-36 (rejecting the same argument).

Next, we address Carter's contention that he was entitled to relief under CR 60.03, which provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

The plain language of CR 60.03 requires a separate, independent action, which Carter did not file. Because his argument is based upon the same core grounds that failed to satisfy CR 60.02(f), he is not entitled to relief under CR 60.03. *Foley*, 425 S.W.3d at 888 (quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03."). As indicated in *Martin*, 639 S.W.3d at 436, this Court has consistently rejected similar CR 60.03 arguments made by other inmates during the COVID-19 pandemic on this basis. Therefore, the trial court did not abuse its discretion in denying his motion to the extent it relied upon CR 60.03.

Finally, Carter is not entitled to relief from his sentence under the Eighth and Fourteenth Amendments of the United States Constitution, which prohibits cruel and unusual punishment. His claim fails because it involves conditions of confinement and does not arise from the trial proceedings below. Thus, he asserts a claim that may not be properly brought before a sentencing court, but rather must be brought in a separate civil action against the warden of his institution. *Martin*, 639 S.W.3d at 436-37. Additionally, because claims relating to conditions of confinement are civil in nature, an inmate must first exhaust administrative remedies before seeking relief through a civil action. *Ramsey*, 453

S.W.3d at 739; Kentucky Revised Statutes 454.415.  Therefore, the circuit court did not err in denying Carter's motion on this basis, either.

For the foregoing reasons, the June 17, 2020, Order of the Christian Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

DeMarcus Carter, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky