RENDERED:  MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0437-MR

MARISA CUNNINGHAM                                              APPELLANT


APPEAL FROM MUHLENBERG CIRCUIT COURT
v.      HONORABLE BRIAN WIGGINS, JUDGE
ACTION NOS. 20-CR-00090 AND 21-CR-00007


COMMONWEALTH OF KENTUCKY                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE:  Appellant, Marisa Cunningham, *pro se*, appeals from the denial of her **amended motion** to amend final judgment pursuant to Kentucky Rule of Civil Procedure (CR) 60.02(f) and CR 60.03.  After our review, we affirm.

Cunningham is incarcerated at the Kentucky Correctional Institute for Women.  On September 24, 2021, she filed a motion to amend final judgment pursuant to CR 60.02(f), CR 60.03, and the Eighth and Fourteenth Amendments to

the United States Constitution. In her motion, Cunningham asked the court to relieve her of the remainder of her sentence on the ground that due to her incarceration, she was at increased risk of contracting COVID-19. She also noted that at present, there was not an adequate mechanism for testing inmates and staff for the virus. Cunningham submitted that if relief could not be granted under CR 60.02, CR 60.03 would provide a sufficient procedural vehicle. Cunningham argued that her continued incarceration was a cruel and unusual punishment prohibited under the Eighth and Fourteenth Amendments. She further alleged that there had been a COVID-19 outbreak at prison; that she was diagnosed with COPD;[1] that she was placed on an inhaler; that she testified positive for COVID-19; and that on September 10, 2021, she was placed in quarantine.

By order entered October 12, 2021, the trial court denied the motion, reciting as follows:

> The Defendant has filed with the Court a motion to amend final judgment pursuant to CR 60.02(f) and CR 60.03. However, she has failed to state a claim justifying the relief she seeks. Reliance on CR 60.03 is misplaced, as the Defendant's motion does not constitute an independent action. Further, the Defendant has not showed [*sic*] that she has exhausted her administrative remedies.

Cunningham did not appeal from this order of October 12, 2021.

---

[1] Chronic obstructive pulmonary disease.

Approximately five months later, on March 21, 2022, Cunningham filed another motion, captioned "AMENDED MOTION TO AMEND FINAL JUDGEMENT, PURSUANT TO CR 60.02, CR 60.03, AND THE EIGHT[H] AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION." (Underline and uppercase original.) Again, Cunningham argued that due to incarceration, she was at increased risk of contracting COVID-19. She alleged that as of September 3, 2021, the Kentucky Correctional Institution for Women was on lockdown due to an outbreak of the virus and that she had contracted COVID-19 with lasting side effects. She again asserted that there was not at present an adequate mechanism for testing inmates and staff for the virus. She submitted that if CR 60.02(f) did not provide a sufficient procedural vehicle for relief, CR 60.03 would do so; and that her continued incarceration under the circumstances constituted cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments.

By order entered on March 22, 2022, the trial court denied Cunningham's motion:

> The Defendant has filed with the Court a motion to amend final judgment pursuant to CR 60.02(f) and CR 60.03. However, she has failed to state a claim justifying the relief she seeks. Relief under CR 60.02(f) is not warranted, as the Defendant has cited no circumstance *at her present place of confinement* that endangers her health or safety. Reliance on CR 60.03 is misplaced, as the Defendant's motion does not constitute an

-3-

independent action. Finally, the Defendant has not showed [*sic*] that she has exhausted her administrative remedies.

(Emphasis original.)

On April 19, 2022, Cunningham filed notice of appeal from the trial court's March 22, 2022, order.

CR 60.02 provides as follows in relevant part:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time . . . .

We review the action of a trial court on a CR 60.02 motion for an abuse of discretion. *Ramsey v. Commonwealth*, 453 S.W.3d 738 (Ky. App. 2014). We find no abuse of discretion in the case before us. As this Court explained in Ramsey:

The crux of [appellant's] motion was centered on his illnesses and the medical treatment he hopes to receive upon release. Upon addressing issues of hardship and whether they amount to extraordinary relief which would warrant relief under CR 60.02, this Court has previously held that the rule specifically functions to address significant defects in the trial proceedings. *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky.App.1985). In particular, this Court held that family hardships, as a result of the defendant's incarceration, did not amount to a "substantial miscarriage of justice," which could be remedied by a CR 60.02 motion, but were instead issues to be considered by a parole board. *Id.* By extension of

-4-

the Court's holding in *Wine*, we thus hold that physical ailments of a defendant are not tantamount to trial defects and therefore do not amount to claims of "an extraordinary nature justifying (CR 60.02) relief." *Sanders* [*v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011)].

*Id.* at 739.

Since the trial court duly considered and correctly denied Cunningham's CR 60.02 motion, she cannot have recourse to CR 60.03, which provides that:

Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

Nor has Cunningham demonstrated that she exhausted her administrative remedies as mandated by KRS[2] 454.415, which provides that no action may be filed by an inmate regarding conditions of confinement "until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted."

---

[2] Kentucky Revised Statute.

Moreover, Cunningham's March 21, 2022, motion, captioned "amended motion to amend final judgement," is clearly a successive impermissible CR 60.02 motion, which is not permitted. "CR 60.02 does not permit successive post-judgment motions . . . ." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

Accordingly, the order of the Muhlenberg Circuit Court entered March 22, 2022, is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Marissa Cunningham, *Pro Se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Attorney General
Frankfort, Kentucky