RENDERED:  DECEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1357-MR

MONICA MUDD                                                        APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 16-CR-000839


COMMONWEALTH OF KENTUCKY                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  On April 5, 2016, a Jefferson County Grand Jury indicted

Appellant, Monica Mudd, on charges of murder, kidnapping, and first-degree

robbery.  The Commonwealth intended to seek the death penalty.  Ms. Mudd

entered into a plea agreement wherein she agreed to cooperate with the

Commonwealth in the prosecution of her co-defendant.  This included an

agreement to testify for the Commonwealth if necessary.  In exchange, she agreed

to serve a sentence of twenty-years' incarceration on each of her indicted crimes.

They were to run concurrently for a total sentence of twenty years. A judgment was entered reflecting this agreement. Ms. Mudd filed a motion pursuant to CR[1] 60.02/60.03, alleging that she was entitled to a sentence reduction because she assisted the Commonwealth in its case against her former co-defendant. She also expressed her remorse and cited her achievements while incarcerated. The Jefferson Circuit Court denied the motion. Ms. Mudd appeals to this Court as a matter of right. For the following reasons, we affirm.

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v English*, 993 S.W.2d 941, 945 (Ky. 1999). With this standard in mind, we return to the record and arguments at issue in the present case. In its order denying Ms. Mudd's post-judgment motions, the circuit court reasoned as follows:

> Ms. Mudd previously entered into pleas of guilty to Murder, Robbery, and Kidnapping. Judgment of Conviction was entered by this Court on June 23, 2016. At the time of these pleas, the court inquired of Ms. Mudd both verbally and in written format. Upon careful consideration of Ms. Mudd's responses to these inquiries, the Court accepted Ms. Mudd's pleas and found that they were made knowingly, intelligently, and voluntarily. Ms.

---

[1] Kentucky Rules of Civil Procedure.

> Mudd's motion fails to articulate any basis to set aside these findings or to grant her the requested relief. The Court further finds that Ms. Mudd has failed to demonstrate the requisite presence of extraordinary circumstances warranting the requested relief.

Ms. Mudd raises three specific arguments on appeal: 1) trial counsel was ineffective for failing to argue that Ms. Mudd was not a willing participant in the crimes; 2) trial counsel failed to investigate her diminished capacity; and 3) cumulative error occurred.

First, Ms. Mudd has not cited to where her arguments are preserved in the record. *See* Kentucky Rules of Appellate Procedure (RAP) 32(A)(4) (requiring citation to preservation of arguments raised on appeal). As previously stated, Ms. Mudd's initial arguments presented to the circuit court concerned her cooperation with the Commonwealth, as well as her remorse and achievements while incarcerated. "It is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Combs v Knott Cnty. Fiscal Court*, 141 S.W.2d 859, 860 (Ky. 1940). Furthermore, in order to grant CR 60.02 the errors must "have to do with some significant defect in the trial proceedings or evidence at trial[.]" *Wine v. Commonwealth*, 699 S.W. 2d 752, 754 (Ky. App. 1985). Therefore, relief under CR 60.02 is "extreme, limited, and reserved for those times when justice itself requires an avenue for the plight endured by the aggrieved party." *Meece v Commonwealth*, 529 S.W.3d 281,

285 (Ky. 2017) (citation omitted). No such errors occurred here. The circuit court did not abuse its discretion.

And although the motion that is the subject of the present appeal was also raised pursuant to CR 60.03, Ms. Mudd does not elaborate her basis for relief pursuant to that rule. Moreover, "[t]he plain language of CR 60.03 requires a separate, independent action, which [Ms. Mudd] did not file. Because [her] argument is based upon the same core grounds that failed to satisfy CR 60.02(f), [she] is not entitled to relief under CR 60.03." *Jackson v Commonwealth*, 640 S.W. 3d 99, 103 (Ky. App. 2022). For the foregoing reasons, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Monica Mudd, *pro se*
PeWee Valley, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken Riggs
Assistant Attorney General
Frankfort, Kentucky