**Anthony J. RAMSEY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

NO. 2014–CA–000242–MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER 24, 2014; 10:00 A.M.

BRIEF FOR APPELLANT: Anthony Ramsey, Pro Se, LaGrange, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General, Ken W. Riggs, Frankfort, Kentucky

BEFORE: CAPERTON, CLAYTON, AND JONES, JUDGES.

*OPINION*

CLAYTON, JUDGE:

Anthony J. Ramsey appeals from the October 24, 2013, order of the Jefferson Circuit Court which denied Ramsey's motion for Kentucky Rules of Civil Procedure (CR) 60.02 relief. We affirm.

Ramsey is currently serving an aggregate fifteen-year sentence on multiple criminal charges stemming from two separate indictments. On June 26, 2013, Ramsey filed a motion for shock probation. Therein, Ramsey asserted that he was

suffering from multiple life threatening medical issues which required medical treatment unavailable to him while incarcerated. In addition, Ramsey provided various letters and documents which indicated that he had been diagnosed with AIDS, colon cancer, and biliary cirrhotic disease. The trial court denied Ramsey's motion under the premise that it was the duty of the Department of Corrections to determine Ramsey's eligibility for release.

Thereafter, on September 9, 2013, Ramsey sought relief through a CR 60.02 motion. Again, Ramsey argued that he should be granted early release in order to seek necessary medical attention that was unavailable to him while incarcerated. Noting that there were a number of compelling arguments to be made on behalf of Ramsey's early release, the trial court nonetheless concluded that he was not entitled to relief pursuant to CR 60.02 and therefore denied his motion. This appeal followed.

■ CR 60.02 functions as a means by which a party may seek relief from a final judgment, based upon any "reason of an extraordinary nature justifying relief." CR 60.02(f); *see also Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky.2011). We review a trial court's disposition of a CR 60.02 motion for an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83 (Ky.App.2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky.2004) (citation omitted).

■ In its order denying Ramsey's requested relief, the trial court made the following findings:

[t]he Court finds that there are a number of compelling arguments to be made as to why, whether for pragmatic or humane reasons, the Defendant should be released early from state custody. Be that as it may, there is no factual or legal basis for relief pursuant to CR 60.02.

We find no error with this analysis, and therefore hold that the trial court did not abuse its discretion when it denied Ramsey's motion. The crux of Ramsey's motion was centered on his illnesses and the medical treatment he hopes to receive upon release. Upon addressing issues of hardship and whether they amount to extraordinary relief which would warrant relief under CR 60.02, this Court has previously held that the rule specifically functions to address significant defects in the trial proceedings. *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky.App. 1985). In particular, this Court held that family hardships, as a result of the defendant's incarceration, did not amount to a "substantial miscarriage of justice," which could be remedied by a CR 60.02 motion, but were instead issues to be considered by a parole board. *Id.* By extension of the Court's holding in *Wine*, we thus hold that physical ailments of a defendant are not tantamount to trial defects and therefore do not amount to claims of "an extraordinary nature justifying (CR 60.02) relief." *Sanders*, 339 S.W.3d at 437. We are not insensitive to Ramsey's unfortunate circumstances, but rather simply hold that the trial court correctly found that CR 60.02 is not the appropriate means for any potential relief to which he may be entitled.

For the foregoing reasons, the October 24, 2013, order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.