RENDERED: AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1276-MR

MICHAEL L. EAVES                                                          APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.        HONORABLE TIMOTHY KALTENBACH, JUDGE
ACTION NO. 13-CR-00005

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Michael L. Eaves brings this *pro se* appeal from an order of

the McCracken Circuit Court denying his Kentucky Rules of Civil Procedure (CR)

60.02 and 60.03 motion which asked the court to order him to be released early

from incarceration due to the COVID-19 pandemic and its potential impact upon him since he has, among other conditions, latent tuberculosis (TB).[1]  We affirm.

In June 2013, pursuant to his guilty plea, the McCracken Circuit Court sentenced Eaves to a total of twelve years' imprisonment for the amended charges of one count of first-degree sodomy and one count of first-degree sexual abuse. The victim was Eaves' minor stepdaughter.  Slightly over seven years later, Eaves filed a motion pursuant to CR 60.02 and 60.03 asking the court to suspend further execution of his sentence or, alternatively, to allow home incarceration because inmates are at increased risk of contracting COVID-19 since they cannot take some mitigation measures.[2]  Eaves asserted he has an increased risk of death or serious complications if he contracts the virus due to, among other things, his TB.

---

[1] According to the Centers for Disease Control and Prevention, persons with latent TB:

> do not feel sick and do not have any symptoms.  They are infected with *M. tuberculosis*, but do not have TB disease.  The only sign of TB infection is a positive reaction to the tuberculin skin test or TB blood test.  **Persons with latent TB infection are not infectious and cannot spread TB infection to others**.

TB Elimination, The Difference Between Latent TB Infection and TB Disease, CENTERS FOR DISEASE CONTROL AND PREVENTION, 1.  https://www.cdc.gov/tb/publications/factsheets/general/LTBIandActiveTB.pdf (last visited Jul. 30, 2021) (emphasis original).

[2] According to the Kentucky Department of Corrections, as of July 23, 2021, 7,911 inmates and 1,118 staff members had contracted COVID-19 statewide; at the Luther Luckett Correctional Complex, Eaves' place of incarceration, 987 inmates and 104 staff members have contracted COVID-19. COVID-19 Response, KENTUCKY DEPARTMENT OF CORRECTIONS. https://corrections.ky.gov/Facilities/Pages/covid19.aspx (last visited Jul. 30, 2021).

Via counsel, Eaves filed an amended motion reiterating many of the same points and asserting the court "could amend the charges to that of three (3) counts of wanton endangerment in the first degree with a sentence of twelve (12) years. This should result in release from prison with time served." The motion does not explain how, as a matter of mathematics or law, the trial court could transform convictions for *one* count of sodomy and *one* count of sexual abuse into convictions for *three* counts of wanton endangerment. After conducting a brief hearing via Zoom, at which Eaves testified, the trial court denied the motion in September 2020. Eaves then filed this appeal.

As it pertains to this case, CR 60.02(f) permits a court to grant relief in circumstances of an "extraordinary nature justifying relief." CR 60.03 similarly permits a court to grant relief upon "appropriate equitable grounds."[3] Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under CR 60.02 is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only

---

[3] CR 60.03 provides in relevant part that:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment . . . on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004). A trial court's ruling on a CR 60.02 motion "receives great deference on appeal and will not be overturned except for an abuse of discretion." *Barnett*, 979 S.W.2d at 102.

CR 60.02 "replaced the common law writ of coram nobis. That writ, however, was aimed at correcting factual errors, not legal errors." *Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009). Eaves has not alleged, much less shown, any factual errors in his judgment of conviction. In fact, Eaves has not argued, or shown, that there are *any errors of any kind* in the judgment. CR 60.02 "specifically functions to address significant defects in the trial proceedings[,]" *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), and Eaves has not alleged *any* defects with his plea or sentence.

Moreover, Eaves' arguments to the contrary notwithstanding, his motion is foreclosed by precedent. Family hardships and emotional trauma are not a proper basis for CR 60.02 relief because such factors "have no relation to the trial proceedings . . . ." *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). Instead, such concerns "are more appropriately a consideration of the parole boards." *Id.* Similarly, "physical ailments of a defendant are not tantamount to trial defects" and thus do not warrant CR 60.02 relief. *Ramsey*, 453 S.W.3d at 739. If a prisoner who actually suffers from "multiple life threatening medical issues

which required medical treatment unavailable to him while incarcerated" is not entitled to CR 60.02 relief, *id.*, Eaves cannot be entitled to relief for his fear of potentially contracting COVID-19 while incarcerated. In fact, we have rejected similar COVID-19-based arguments made by prisoners. *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Williams v. Commonwealth*, No. 2019-CA-0964-MR and No. 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021).[4] Simply put, since Eaves is not raising any claims of error stemming from his prosecution, including his guilty plea and sentence, he is not entitled to CR 60.02 relief.

Eaves also is not entitled to relief under CR 60.03. He did not file a separate, independent action, as is envisioned by the plain language of that rule. *See, e.g., Morris*, 2021 WL 1933656, at *2. Moreover, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). So, because his argument on the same core

---

[4] Under CR 76.28(4)(c), unpublished opinions rendered after January 1, 2003 may be cited "if there is no published opinion that would adequately address the issue before the court." The parties have not cited, nor have we independently located, any published opinions addressing the relationship between CR 60.02, CR 60.03, the Eighth Amendment and the COVID-19 pandemic.

grounds fails to satisfy CR 60.02(f), he is not entitled to relief under CR 60.03.

*Foley v. Commonwealth*, 425 S.W.3d 880, 888 (Ky. 2014) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03.") (quoting CR 60.03). We have rejected similar CR 60.03 arguments made by inmates during the pandemic. *Morris*, 2021 WL 1933656, at *2; *Williams*, 2021 WL 943753, at *2-3; *Gribbins*, 2021 WL 1164461, at *2; *Thomas*, 2021 WL 3117200, at *2.

Next, Eaves has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments. The precise parameters of his claims are not clear. Regardless, we have rejected similar COVID-19 claims and do so here again, for the same reasons. *Gribbins*, 2021 WL 1164461, at *2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners);[5] *Williams*, 2021 WL 943753, at *3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement and thus are civil claims which are not properly brought in the sentencing court); *Morris*, 2021 WL 1933656, at *2 (holding that Eighth and Fourteenth Amendment conditions of

---

[5] The Department of Corrections has outlined the steps it has taken to minimize the COVID-19 health risks to prisoners. *See* Key Initiatives, KENTUCKY DEPARTMENT OF CORRECTIONS https://corrections.ky.gov/Facilities/Documents/COVID-19/DOC%20Key%20Initiatives%201-26-21.pdf (last visited Jul. 30, 2021).

confinement claims must be raised in civil actions by naming the warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

Next, Eaves' reliance upon federal cases in which inmates were granted early release due to the COVID-19 pandemic, such as *United States v. Atwi*, 455 F. Supp. 3d 426 (E.D. Mich. 2020), is misplaced. There is a federal statute specifically permitting convicted and incarcerated defendants to be granted compassionate (i.e., early) release by courts. *See id.* at 428. No similar process exists for Kentucky state prisoners. Instead, Eaves may only receive early, pre-parole eligibility release via executive clemency.[6]

Finally, we utterly reject Eaves' bizarre claim that the trial court erred by not transforming his sex offenses into wanton endangerment offenses, ostensibly to remove the violent offender designation and hasten his parole eligibility. Eaves pleaded guilty to sexual offenses and has made *no showing whatsoever* that he was not guilty of those offenses or that his guilty plea to them

---

[6] Governor Beshear has commuted the sentences of some offenders due to the pandemic. *See, e.g.*, Executive Order No. 2020-267, https://governor.ky.gov/attachments/20200402_Executive-Order_2020-267_Conditional-Commutation-of-Sentence.pdf (commuting the sentences of 186 inmates); Executive Order No. 2020-699, https://governor.ky.gov/attachments/20200825_Executive-Order_2020-699_Commutations.pdf (commuting the sentences of 646 inmates); Executive Order No. 2020-293, https://governor.ky.gov/attachments/20200424_Executive-Order_2020-293_Conditional-Commutation.pdf (commuting the sentences of 352 inmates) (all three last visited Jul. 30, 2021).

was *in any manner* infirm. Eaves has not cited, nor have we independently located, any authority setting forth a process of judicial alchemy by which the trial court could convert Eaves' valid sodomy and sexual abuse convictions to wanton endangerment convictions (or convictions for any other offense(s)).[7]

The COVID-19 pandemic is a worldwide crisis and tragedy of epic proportions which has caused significant fear and has upended previously settled societal and governmental norms. Nonetheless, Eaves has not shown the pandemic entitles him, despite his health concerns, to be released early from incarceration.[8] Thus, the trial court did not abuse its discretion, or otherwise err, in denying his motion.

For the foregoing reasons, the McCracken Circuit Court's order denying Michael L. Eaves' post-conviction motion is affirmed.

ALL CONCUR.

---

[7] The unpublished case cited by Eaves is wholly distinguishable because it involved a plea agreement whereby a defendant was convicted and sentenced for multiple counts of the amended charge of wanton endangerment after he was originally charged with various sexually-oriented crimes. *Pappas v. Commonwealth*, No. 2010-CA-000721-MR, 2012 WL 246252 (Ky. App. Jan. 27, 2012). The issue in *Pappas* was the impact, if any, of the victim having recanted her testimony. *Pappas* does not contain *any authorization whatsoever* for a trial court to change the identity of the crime(s) after a defendant has long since been properly convicted and sentenced.

[8] We have considered all of Eaves' arguments for relief not explicitly discussed herein but conclude none provides a basis for disturbing the trial court's decision.

BRIEFS FOR APPELLANT:

Michael L. Eaves, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky