RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1012-MR

WINSTON BRISCOE                                          APPELLANT

v.             APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 00-CR-00318

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Winston Briscoe filed a post-conviction motion under

Kentucky Rules of Civil Procedure (CR) 60.02 and 60.03 asking to be released

from incarceration due to fear of contracting COVID-19. The Fayette Circuit

Court denied the motion. We affirm.

         In 2000, Briscoe was convicted of committing first-degree sodomy on

another inmate at the Fayette County Detention Center, and of being a persistent

felony offender, for which he was sentenced to twenty years' imprisonment. Our Supreme Court affirmed his conviction on direct appeal and Briscoe subsequently and repeatedly has unsuccessfully sought post-conviction relief.

This appeal involves Briscoe's May 2020 motion for post-conviction relief under CR 60.02 and 60.03. The crux of the motion is Briscoe's assertion that he is "at increased risk of contracting SARS-CoV2 (COVID-19), a novel virus, which poses a large risk to public health that may be alleviated, in part, by release of persons from confinement in close quarters." Record (R.) at 471. Briscoe asserts in the motion that he is particularly susceptible to COVID-19 since he is a diabetic.[1]

Of course, as Briscoe notes, inmates are vulnerable to the virus since they are unable to practice some of the remediation measures scientists and physicians have urged the general public to undertake, such as social distancing. Briscoe briefly alleged that his continued incarceration during the pandemic violates the Eighth and Fourteenth Amendments to the United States Constitution. Briscoe asked the trial court to suspend further execution of his sentence or to impose an alternative sentence, such as home incarceration.

---

[1] Though not discussed in his motion, Briscoe's appellate brief alleges he also has asthma, tuberculosis, chronic obstructive pulmonary disease, high blood pressure, and chronic fatigue syndrome. Briscoe did not cite to anything in the record supporting these diagnoses. Regardless, Briscoe is not entitled to post-conviction relief even if we assume, for the sake of argument, that he does have those conditions.

The Fayette Circuit Court denied the motion without the Commonwealth having filed a response. The court noted, accurately as we will discuss herein, that Kentucky precedent holds that CR 60.02 relief is unavailable for circumstances unrelated to the underlying criminal proceedings. The court also held that relief under CR 60.03 was not appropriate since the relief sought had been denied under CR 60.02. Briscoe then filed this appeal *pro se*.[2]

As it pertains to this case, CR 60.02(f) permits a court to grant relief in circumstances of an "extraordinary nature justifying relief." CR 60.03 similarly permits a court to grant relief upon "appropriate equitable grounds."[3] Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under that rule is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only

---

[2] Briscoe's brief is not in full compliance with the requirements of CR 76.12. For example, he failed to include: a proper statement of points and authorities, as is required by CR 76.12(4)(c)(iii); a statement of the case, as is required by CR 76.12(4)(c)(iv); statements regarding whether and how his arguments were preserved for appellate review, as are required by CR 76.12(4)(c)(v); and ample citations to the record, as are required by CR 76.12(4)(c)(iv) and (v). We have leniently elected to ignore the deficiencies. However, we caution Briscoe that any future noncompliant brief may be stricken. *See* CR 76.12(8).

[3] CR 60.03 provides in relevant part that:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment . . . on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004). A trial court's ruling on a CR 60.02 motion "receives great deference on appeal and will not be overturned except for an abuse of discretion." *Barnett*, 979 S.W.2d at 102.

CR 60.02 "replaced the common law writ of coram nobis. That writ, however, was aimed at correcting factual errors, not legal errors." *Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009). Briscoe has not alleged, much less shown, *any* factual errors in his judgment of conviction. In fact, he has not argued, or shown, that there are *any errors of any kind* in the judgment. CR 60.02 "specifically functions to address significant defects in the trial proceedings[,]" *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), and Briscoe has not alleged *any* defects with his proceedings.

Moreover, Briscoe's arguments to the contrary notwithstanding, the trial court was correct when it held that this motion runs contrary to precedent. Family hardships and emotional trauma are not a proper basis for CR 60.02 relief because such factors "have no relation to the trial proceedings[.]" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). Instead, such concerns "are more appropriately a consideration of the parole boards." *Id.* Similarly, "physical ailments of a defendant are not tantamount to trial defects" and thus do not warrant CR 60.02 relief. *Ramsey*, 453 S.W.3d at 739.

We do not intend to minimize Briscoe's health concerns, but if a prisoner who actually suffers from "multiple life threatening medical issues which required medical treatment unavailable to him while incarcerated" is not entitled to CR 60.02 relief, *id.*, Briscoe cannot be entitled to relief based on his subjective fear of contracting COVID-19 while incarcerated. In fact, we have rejected similar COVID-19-based arguments made by prisoners at least five times. *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Williams v. Commonwealth*, No. 2019-CA-0964-MR and No. 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021); *Eaves v. Commonwealth*, No. 2020-CA-1276-MR, 2021 WL 3818113 (Ky. App. Aug. 27, 2021).[4] Simply put, since Briscoe is not raising any claims of error stemming from his prosecution, including his guilty plea and sentence, the trial court correctly held that he is not entitled to CR 60.02 relief.

The trial court also correctly denied relief under CR 60.03. Briscoe did not file a separate, independent action, as is envisioned by the plain language

---

[4] Under CR 76.28(4)(c), unpublished opinions rendered after January 1, 2003 may be cited "if there is no published opinion that would adequately address the issue before the court." The parties have not cited, nor have we independently located, any published Kentucky opinions addressing the relationship between CR 60.02, CR 60.03, the Eighth Amendment, and the COVID-19 pandemic.

of that rule. *See, e.g.*, *Morris*, 2021 WL 1933656, at \*2.  Moreover, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017).  So, because his argument on the same core grounds fails to satisfy CR 60.02(f), Briscoe is not entitled to relief under CR 60.03.  *Foley v. Commonwealth*, 425 S.W.3d 880, 888 (Ky. 2014) (quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02.  As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.'  It follows that Appellant is not entitled to relief under CR 60.03.").  We have repeatedly rejected similar CR 60.03 arguments made by inmates during the pandemic.  *Morris*, 2021 WL 1933656, at \*2; *Williams*, 2021 WL 943753, at \*2-3; *Gribbins*, 2021 WL 1164461, at \*2; *Thomas*, 2021 WL 3117200, at \*2; *Eaves*, 2021 WL 3818113, at \*2.

Next, Briscoe has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments.  The precise parameters of his claims are not clear.  Regardless, we have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons.  *Gribbins*, 2021 WL 1164461, at \*2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners);[5] *Williams*, 2021 WL 943753, at \*3 (holding that Eighth

---

[5] Though Briscoe obviously believes them to be inadequate, the Kentucky Department of Corrections has outlined the steps it has taken to minimize the COVID-19 health risks to prisoners. *See Key Initiatives*, KENTUCKY DEPARTMENT OF CORRECTIONS,

Amendment claims involve the conditions of the movant's confinement and thus are civil claims which are not properly brought in the sentencing court); *Morris*, 2021 WL 1933656, at *2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims must be raised in civil actions by naming the warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

In addition, Briscoe's reliance upon federal authority by which inmates were granted early release due to the COVID-19 pandemic, such as *United States v. Foster*, 2020 WL 6882941, at *2 (M.D. Pa. Apr. 3, 2020), is misplaced. There is a federal statute specifically permitting convicted and incarcerated defendants to be granted compassionate (*i.e.*, early) release by courts. *See id.* at *2.[6] But Briscoe is a state prisoner and so, though he strenuously argues to the contrary, the federal compassionate relief program is not available to him. Instead, as we have previously noted in affirming the denial of post-conviction relief in the similar case of *Eaves*, *supra*, Briscoe "may only receive early, pre-parole eligibility

https://corrections.ky.gov/Facilities/Documents/COVID-19/DOC%20Key%20Initiatives%201-26-21.pdf (last visited Sep. 22, 2021).

[6] The compassionate release program does not inherently entitle federal prisoners to early release, even if they have significant health concerns. For example, a prisoner was denied compassionate relief despite having increased COVID-19 risks stemming from serious health conditions, including having partial paralysis and a blood disorder that caused him to have four strokes. *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020).

release via executive clemency[,]" which Governor Beshear has granted to some inmates. *Eaves*, 2021 WL 3818113, at *3.

In sum, denying an unmeritorious CR 60.02/60.03 motion – which Briscoe's is – violates no federal or state constitutional provisions.

In conclusion, we are not unsympathetic to the COVID-19 concerns of prisoners, including Briscoe. Nonetheless, the pandemic does not entitle prisoners to post-conviction relief. As we recently held in *Eaves*:

> The COVID-19 pandemic is a worldwide crisis and tragedy of epic proportions which has caused significant fear and has upended previously settled societal and governmental norms. Nonetheless, [Briscoe] has not shown the pandemic entitles him, despite his health concerns, to be released early from incarceration. Thus, the trial court did not abuse its discretion, or otherwise err, in denying his motion.

*Eaves*, 2021 WL 3818113, at *3 (footnote omitted).[7]

For the foregoing reasons, the Fayette Circuit Court's order denying Winston Briscoe's post-conviction motion is affirmed.

CETRULO, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

---

[7] We have considered all of Briscoe's scattershot arguments not explicitly discussed herein but conclude none provides a basis for disturbing the trial court's decision.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Winston Briscoe, *pro se* <br> West Liberty, Kentucky | Daniel Cameron <br> Attorney General of Kentucky |
| | Ken W. Riggs <br> Assistant Attorney General <br> Frankfort, Kentucky |