RENDERED:  NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1254-MR

LEONARD MARTIN                                                                APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.      HONORABLE JOHNNY RAY HARRIS, JUDGE
ACTION NO. 03-CR-00110

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Leonard Martin filed a post-conviction motion under

Kentucky Rules of Civil Procedure (CR) 60.02 and 60.03 asking to be released

from incarceration due to fear of contracting COVID-19.  The Floyd Circuit Court

denied the motion.  We affirm.

In 2005, Martin was convicted of sexual abuse in the first degree and

sodomy in the first degree in the Floyd Circuit Court, for which he was sentenced

to a total of twenty-five years' imprisonment.  Our Supreme Court affirmed his conviction on direct appeal and we later affirmed the trial court's denial of Martin's motion for post-conviction relief.[1]

This appeal involves Martin's May 2020 motion for post-conviction relief under CR 60.02 and 60.03.  The crux of the motion is Martin's assertion that he is "at increased risk of contracting SARS-CoV2 (COVID-19), a novel virus, which poses a large risk to public health that may be alleviated, in part, by release of persons from confinement in close quarters."  Record ("R.") at 441.  Martin asserts in the motion that he is particularly susceptible to COVID-19 due to, for example, being a senior citizen and having had a heart attack while incarcerated.[2]

Of course, as Martin notes, inmates are vulnerable to the virus since they are unable to practice some of the remediation measures scientists and physicians have urged the general public to undertake, such as social distancing.  Martin briefly alleged that his continued incarceration during the pandemic violates the Eighth and Fourteenth Amendments to the United States Constitution.

---

[1] *Martin v. Commonwealth*, 170 S.W.3d 374 (Ky. 2005); and *Martin v. Commonwealth*, No. 2010-CA-000671-MR, 2012 WL 752018 (Ky. App. Mar. 9, 2012).  *See also Martin v. Beckstrom*, No. CIV.A. 12-83-KSF, 2013 WL 3192895 (E.D. Ky. Jun. 21, 2013).

[2] Though not discussed in his motion, Martin's appellate brief alleges he has tested positive for COVID-19.  He does not cite to any medical notes in the record confirming that test result.  Regardless, Martin is not entitled to post-conviction relief even if we assume, for the sake of argument, that he has tested positive for the virus.  Martin does not argue that corrections officials failed to provide him necessary and appropriate medical care after his positive test.

Martin asked the trial court to suspend further execution of his sentence or to impose an alternative sentence, such as home incarceration. The Floyd Circuit Court denied the motion without analysis and without the Commonwealth's having filed a response. Martin then filed this appeal *pro se*.[3]

As it pertains to this case, CR 60.02(f) permits a court to grant relief in circumstances of an "extraordinary nature justifying relief." CR 60.03 similarly permits a court to grant relief upon "appropriate equitable grounds."[4] Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under that rule is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004). A trial court's ruling on a CR 60.02 motion "receives great deference on appeal and will

---

[3] Martin's brief is not in full compliance with the requirements of CR 76.12. For example, it does not contain statements regarding whether and how his arguments were preserved for appellate review, as is required by CR 76.12(4)(c)(v), or ample citations to the record, as is required by CR 76.12(4)(c)(iv) and (v). We have leniently elected to ignore the deficiencies. However, we caution Martin that we may strike any future noncompliant brief. *See* CR 76.12(8).

[4] CR 60.03 provides in relevant part that:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment . . . on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

not be overturned except for an abuse of discretion." *Barnett*, 979 S.W.2d at 102.

CR 60.02 "replaced the common law writ of coram nobis. That writ, however, was aimed at correcting factual errors, not legal errors." *Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009). Martin has not alleged, much less shown, *any* factual errors in his judgment of conviction. In fact, he has not argued, or shown, that there are *any errors of any kind* in the judgment. CR 60.02 "specifically functions to address significant defects in the trial proceedings[,]" *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), and Martin has not alleged *any* defects with his proceedings.

Moreover, Martin's arguments to the contrary notwithstanding, his motion runs contrary to precedent. Family hardships and emotional trauma are not a proper basis for CR 60.02 relief because such factors "have no relation to the trial proceedings . . . ." *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). Instead, such concerns "are more appropriately a consideration of the parole boards." *Id.* Similarly, "physical ailments of a defendant are not tantamount to trial defects" and thus do not warrant CR 60.02 relief. *Ramsey*, 453 S.W.3d at 739.

We do not intend to minimize Martin's health concerns, but if a prisoner who actually suffers from "multiple life threatening medical issues which required medical treatment unavailable to him while incarcerated" is not entitled to CR 60.02 relief, *id.*, Martin cannot be entitled to relief based on his subjective fears

regarding COVID-19. In fact, we have rejected similar COVID-19-based arguments made by prisoners at least six times. *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Williams v. Commonwealth*, No. 2019-CA-0964-MR and No. 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021); *Eaves v. Commonwealth*, No. 2020-CA-1276-MR, 2021 WL 3818113 (Ky. App. Aug. 27, 2021); *Wade v. Commonwealth*, No. 2020-CA-1145-MR, 2021 WL 3435530, at *2 (Ky. App. Aug. 6, 2021).[5] Simply put, since Martin is not raising any claims of error stemming from his prosecution, including his guilty plea and sentence, he is not entitled to CR 60.02 relief.

Martin also is not entitled to relief under CR 60.03. Martin did not file a separate, independent action, as is envisioned by the plain language of that rule. *See, e.g.*, *Morris*, 2021 WL 1933656, at *2. Moreover, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). So, because his argument on

---

[5] Under CR 76.28(4)(c), unpublished opinions rendered after January 1, 2003 may be cited "if there is no published opinion that would adequately address the issue before the court." The parties have not cited, nor have we independently located, any published Kentucky opinions addressing the relationship between CR 60.02, CR 60.03, the Eighth Amendment, and the COVID-19 pandemic.

the same core grounds fails to satisfy CR 60.02(f), Martin is not entitled to relief under CR 60.03. *Foley v. Commonwealth*, 425 S.W.3d 880, 888 (Ky. 2014) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03.") (quoting CR 60.03). We have repeatedly rejected similar CR 60.03 arguments made by inmates during the pandemic. *Morris*, 2021 WL 1933656, at *2; *Williams*, 2021 WL 943753, at *2-3; *Gribbins*, 2021 WL 1164461, at *2; *Thomas*, 2021 WL 3117200, at *2; *Eaves*, 2021 WL 3818113, at *2; *Wade*, 2021 WL 3435530, at *2.

Next, Martin has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments. The precise parameters of his claims are not clear. Regardless, we have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons. *Gribbins*, 2021 WL 1164461, at *2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners);[6] *Williams*, 2021 WL 943753, at *3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement and thus

---

[6] Though Martin obviously believes them to be inadequate, the Kentucky Department of Corrections has outlined the steps it has taken to minimize the COVID-19 health risks to prisoners. *See Key Initiatives*, KENTUCKY DEPARTMENT OF CORRECTIONS https://corrections.ky.gov/Facilities/Documents/COVID-19/DOC%20Key%20Initiatives%201-26-21.pdf (last visited Sep. 28, 2021).

are civil claims which are not properly brought in the sentencing court); *Morris*, 2021 WL 1933656, at *2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims must be raised in civil actions by naming the warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

In addition, Martin's reliance upon federal authority by which inmates were granted early release due to the COVID-19 pandemic, such as *United States v. Foster*, No. 1:14-cr-324-02, 2020 WL 6882941, at *2 (M.D. Pa. Apr. 3, 2020) (unpublished), is misplaced. There is a federal statute specifically permitting convicted and incarcerated defendants to be granted compassionate (*i.e.*, early) release by courts. *See id.* at *2.[7] But Martin is a state prisoner and so, though he strenuously argues to the contrary, the federal compassionate relief program is not available to him. Instead, as we have previously noted in affirming the denial of post-conviction relief in the similar case of *Eaves*, *supra*, Martin "may only receive early, pre-parole eligibility release via executive clemency[,]" which Governor Beshear has granted to some inmates. *Eaves*, 2021 WL 3818113, at *3.

---

[7] The compassionate release program does not inherently entitle federal prisoners to early release, even if they have significant health concerns. For example, a prisoner was denied compassionate relief despite having increased COVID-19 risks stemming from serious health conditions, including having partial paralysis and a blood disorder that caused him to have four strokes. *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020).

In sum, denying an unmeritorious CR 60.02/60.03 motion–which Martin's is–violates no federal or state constitutional provisions.

In conclusion, we are not unsympathetic to the COVID-19 concerns of prisoners, including Martin. Nonetheless, the pandemic does not entitle prisoners to post-conviction relief. As we recently held in *Eaves*:

> The COVID-19 pandemic is a worldwide crisis and tragedy of epic proportions which has caused significant fear and has upended previously settled societal and governmental norms. Nonetheless, [Martin] has not shown the pandemic entitles him, despite his health concerns, to be released early from incarceration. Thus, the trial court did not abuse its discretion, or otherwise err, in denying his motion.

*Eaves*, 2021 WL 3818113, at *3 (footnote omitted).[8]

For the foregoing reasons, the Floyd Circuit Court's order denying Leonard Martin's post-conviction motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Leonard Martin, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky

---

[8] We have considered all of Martin's scattershot arguments not explicitly discussed herein but conclude none provides a basis for disturbing the trial court's decision.