RENDERED: FEBRUARY 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1227-MR

ROCARVAN MARCUS FORTNEY                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 20-CI-004409


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE: Rocarvan Marcus Fortney ("Fortney") appeals *pro se*

from the August 7, 2020 order of the Jefferson Circuit Court denying his motion

for relief under CR[1] 60.02(f) and the Eighth Amendment of the United States

Constitution. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

In 2007, Fortney pleaded guilty to murder,[2] burglary in the first degree,[3] robbery in the first degree,[4] trafficking in a controlled substance in the first degree,[5] possession of a firearm by a convicted felon,[6] resisting arrest,[7] and being a persistent felony offender in the second degree.[8] The trial court subsequently sentenced him to imprisonment for life without the possibility of parole for twenty-five years. Fortney is currently incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky.

Fortney previously filed post-conviction motions under both RCr[9] 11.42 and CR 60.02. Both motions were denied by the trial court.[10] On July 29, 2020, Fortney filed a second motion under CR 60.02. He argued, under CR

---

[2] Kentucky Revised Statutes ("KRS") 507.020, a capital offense.

[3] KRS 511.020, a Class B felony.

[4] KRS 515.020, a Class B felony.

[5] KRS 218A.1412(1)(a), a Class C felony.

[6] KRS 527.040, a Class D felony unless the firearm possessed is a handgun in which case it is a Class C felony.

[7] KRS 520.090, a Class A misdemeanor.

[8] KRS 532.080(2).

[9] Kentucky Rules of Criminal Procedure.

[10] This Court affirmed the trial court's denial of Fortney's RCr 11.42 motion on appeal and dismissed his appeal of the denial of his motion under CR 60.02 without consideration of the merits for failure to timely file the notice of appeal. *Fortney v. Commonwealth*, No. 2011-CA-001992-MR, 2014 WL 351973 (Ky. App. Jan. 31, 2014); *Fortney v. Commonwealth*, No. 2018-CA-0478-MR.

60.02(f) and the Eighth Amendment of the Constitution of the United States, that he was entitled to relief from the remainder of his sentence due to his risk of contracting SARS-CoV-2 ("COVID-19") due to his incarceration. The trial court denied his motion, determining CR 60.02(f) does not entitle Fortney to relief because his concern about contracting COVID-19 while incarcerated does not relate to a defect in the proceedings or evidence presented at trial. This appeal followed.

We review denials of motions under CR 60.02 for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

On appeal, Fortney argues: (1) the trial court abused its discretion in denying his motion under CR 60.02(f) and (2) he is entitled to relief under the Eighth Amendment.

First, Fortney is not entitled to relief under 60.02(f) for the reasons articulated by the trial court. A trial court may relieve a defendant from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." CR 60.02(f). This rule "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014)

(citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)).  A successful motion under CR 60.02(f) must relate to defects in the trial proceedings or undiscovered evidence not presented at trial.  *Wine*, 699 S.W.2d at 754.  Results of incarceration, including illnesses which occur during confinement, do not qualify as "claims of an extraordinary nature" entitling a defendant to relief under CR 60.02(f).  *Wine*, 699 S.W.2d at 754; *see also Ramsey*, 453 S.W.3d at 739.  On this basis, Fortney's claim must fail.

Furthermore, Fortney is not entitled to relief from his sentence under the Eighth Amendment.  Fortney argues his continued confinement violates the constitutional prohibition against cruel and unusual punishment.  His claim fails because it "does not arise from the trial proceedings or the sentence itself but, rather, from the present conditions of [Fortney's] confinement."  *Williams v. Commonwealth*, No. 2019-CA-0964-MR, 2021 WL 943753, \*3 (Ky. App. Mar. 12, 2021).[11]  Because claims relating to conditions of confinement are civil in nature, an inmate must first exhaust administrative remedies before seeking relief through a civil action.  *Ramsey*, 453 S.W.3d at 739; KRS 454.415.  Therefore, the trial court did not err in denying Fortney's claim.

Based on the foregoing, the order of the Jefferson Circuit Court is affirmed.

---

[11] We cite this unpublished opinion as persuasive, not binding, authority.  *See* CR 76.28(4)(c).

ALL CONCUR.


BRIEFS FOR APPELLANT:

Rocarvan Marcus Fortney, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky