RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0912-MR

JIMMY W. WOLFORD                                             APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 99-CR-00029

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: Appellant, Jimmy W. Wolford, appeals from an opinion and order of the Pike Circuit Court denying his motion to suspend further execution of or to amend his sentence. After our review, we affirm.

A jury convicted Wolford of murder and he was sentenced to forty-years' imprisonment. Our Supreme Court affirmed his conviction on March 22, 2001.

On March 15, 2021, Wolford filed a motion in Pike Circuit Court to suspend further execution of or to amend his sentence pursuant to CR[1] 60.02(f) or, in the alternative, pursuant to CR 60.03. Wolford alleged that due to his incarceration, he is at an increased risk of contracting COVID-19. He also contended that if he were to become infected with COVID-19, he is susceptible to associated complications due to his underlying health issues.

On June 28, 2021, the circuit court entered an opinion and order denying Wolford's motion. The court held that: "the Covid-19 pandemic is not an error of fact capable of being remedied by CR 60.02. The rule was simply never intended to cover such extraordinary grounds as a pandemic and the Court will not engage in the circular reasoning necessary to make it so." The court further determined that Wolford cannot demonstrate entitlement to relief either under CR 60.03 or under the Eighth Amendment.

Wolford appealed. He contends that the trial court abused its discretion in denying the requested relief. Wolford explains that he did not present or assert his legal claim under the Eighth Amendment to the United States Constitution; rather, he contends that his constitutional right falls within the ambit of the Fourteenth Amendment -- to be free from being forcibly subjected to

---

[1] Kentucky Rules of Civil Procedure.

repeated exposure to COVID-19.[2]  Wolford also asserts that the trial court was required to fashion a remedy to relieve him from the continued violation of his Fourteenth Amendment right.

We find no error.  The issues which Wolford raises on appeal were directly addressed by this Court in *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022), which also involved the denial of a post-conviction motion seeking release from incarceration due to fear of contracting COVID-19.  In *Martin*, we held as follows:

> CR 60.02 "specifically functions to address significant defects in the trial proceedings[,]" *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), and Martin has not alleged any defects with his proceedings.
>
> . . . .
>
> Simply put, since Martin is not raising any claims of error stemming from his prosecution, including his guilty plea and sentence, he is not entitled to CR 60.02 relief.
>
> Martin also is not entitled to relief under CR 60.03. Martin did not file a separate, independent action, as is envisioned by the plain language of that rule. . . . Moreover, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017).  So, because his argument on the same core grounds fails to satisfy CR 60.02(f), Martin is not entitled to relief under CR 60.03. . . .

---

[2] As the Commonwealth notes, Wolford did not raise any issue with respect to the Fourteenth Amendment in the circuit court; thus, that issue is not properly before us.

Next, Martin has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments. . . . [W]e have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons. *Gribbins* [*v. Commonwealth*, No. 2020-CA-0653-MR], 2021 WL 1164461 [(Ky. App. Mar. 26, 2021)] at *2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners); *Williams* [*v. Commonwealth*, No. 2019-CA-0964-MR and No. 2020-CA-0638-MR], 2021 WL 943753 [(Ky. App. Mar. 12, 2021)] at *3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement and thus are civil claims which are not properly brought in the sentencing court); *Morris* [*v. Commonwealth*, No. 2020-CA-1195-MR], 2021 WL 1933656 [(Ky. App. May 14, 2021)] at *2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims must be raised in civil actions by naming the warden of the movant's institution as a named party and, in any event, success on those claims would not result in the claimant being released from incarceration).

*Id.* 435-37 (footnotes omitted).

We affirm the opinion and order of the Pike Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jimmy Wolford, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky