RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1181-MR

LARRY R. ORDWAY          APPELLANT

         APPEAL FROM CHRISTIAN CIRCUIT COURT
v.          HONORABLE ANDREW C. SELF, JUDGE
         ACTION NO. 07-CR-00713

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL AND TAYLOR, JUDGES.

McNEILL, JUDGE: Larry R. Ordway is serving a sentence of seventy years'
imprisonment resulting from his convictions in Christian Circuit Court of various
offenses including three counts of robbery in the first degree; five counts of theft
by unlawful taking over $300; receiving stolen property over $300; burglary in the
third degree; and being a persistent felony offender in the first degree. *See Ordway*

*v. Commonwealth*, No. 2014-CA-001618, 2017 WL 3129179 at *1 (Ky. App. Jul. 21, 2017) (unpublished). On August 26, 2020, he filed a *pro se* motion in Christian Circuit Court to amend his final judgment pursuant to Kentucky Rule of Civil Procedure (CR) 60.02(f), CR 60.03, and the Eighth Amendment of the United States Constitution. He cited the COVID-19 pandemic as the basis of his motion, arguing his underlying medical conditions put him at increased risk of contracting the disease while in prison, and that he was accordingly entitled to relief from the remainder of his sentence. The Commonwealth objected to Ordway's motion, and, without holding an evidentiary hearing, the circuit court ultimately entered an order denying his motion. Ordway now appeals. Upon review, we affirm.

At the onset, we note that most of Ordway's appellate arguments have already been addressed and rejected in the recently published case of *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022). With that said, we first address Ordway's contention that he was entitled to relief under CR 60.02(f), which permits a trial court to relieve a defendant from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." We review denials of motions under CR 60.02 for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair,

or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With that said, CR 60.02 "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). A successful motion under CR 60.02(f) must relate to defects in the trial proceedings or undiscovered evidence not presented at trial. *Wine*, 699 S.W.2d at 754. Results of incarceration, including illnesses which occur during confinement, do not relate to those issues and thus do not qualify as "claims of an extraordinary nature" entitling a defendant to relief under CR 60.02(f). *Wine*, 699 S.W.2d at 754; *see also Ramsey*, 453 S.W.3d at 739. Therefore, the trial court did not abuse its discretion in denying Ordway's motion to the extent it relied upon CR 60.02(f). *See Martin*, 639 S.W.3d at 436 (rejecting the same argument).

Next, we address Ordway's contention that he was entitled to relief under CR 60.03, which provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

The plain language of CR 60.03 requires a separate, independent action, which Ordway did not file. Because his argument is based upon the same

core grounds that failed to satisfy CR 60.02(f), he is not entitled to relief under CR 60.03. *Foley*, 425 S.W.3d at 888 (quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03."). As indicated in *Martin*, 639 S.W.3d at 436, this Court has consistently rejected similar CR 60.03 arguments made by other inmates during the COVID-19 pandemic on this basis. Therefore, the trial court did not abuse its discretion in denying his motion to the extent it relied upon CR 60.03.

Furthermore, Ordway is not entitled to relief from his sentence under the Eighth and Fourteenth Amendments of the United States Constitution, which prohibits cruel and unusual punishment. His claim fails because it "does not arise from the trial proceedings or the sentence itself but, rather, from the present conditions of [Ordway's] confinement." *Williams v. Commonwealth*, No. 2019-CA-0964-MR, 2021 WL 943753, *3 (Ky. App. Mar. 12, 2021) (unpublished) (cited with approval by *Martin*, 639 S.W.3d at 436). Because claims relating to conditions of confinement are civil in nature, an inmate must first exhaust administrative remedies before seeking relief through a civil action. Kentucky Revised Statutes (KRS) 454.415; *see also Ramsey*, 453 S.W.3d at 739 (regarding

an issue not remedied by a motion pursuant to CR 60.02). Therefore, the circuit court did not err in denying Ordway's motion on this basis, either.

Lastly, Ordway argues his motion was also based upon two other procedural rules, *i.e.*, Kentucky Rule of Criminal Procedure (RCr) 10.26 and 10.02. To the extent this qualifies as an argument, however, it was not raised below and is thus unpreserved. Moreover, it would not warrant any form of relief. A motion may not be filed pursuant to RCr 10.26 because RCr 10.26 is a standard of review for certain egregious trial errors, *i.e.*, it is not a procedural mechanism by which a party may obtain relief simply by filing a motion pursuant to that rule. As for RCr 10.02, the rule provides in relevant part: "(1) Upon motion of a defendant, the court may grant a new trial for any cause which prevented the defendant from having a fair trial, or if required in the interest of justice." This rule has no application for the same reasons expressed above relative to CR 60.02.

Based on the foregoing, the Christian Circuit Court is AFFIRMED.


ALL CONCUR.

BRIEF FOR APPELLANT:

Larry Ordway, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky