RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1430-MR

BRANDON DAWSON                                                   APPELLANT

APPEAL FROM MASON CIRCUIT COURT
v.         HONORABLE STOCKTON B. WOOD, JUDGE
ACTION NO. 17-CR-00030

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE:  Brandon Dawson, *pro se*, appeals from an order of

the Mason Circuit Court which denied his Kentucky Rules of Civil Procedure (CR)

60.02(f) motion.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2017, Appellant entered a guilty plea to second-degree assault[1] and being a persistent felony offender in the second degree.[2] Appellant agreed to, and received, a term of imprisonment of eighteen years. On September 2, 2022, Appellant filed the underlying CR 60.02(f) motion. In it, he requested that his sentence be amended because he was more susceptible to COVID-19 due to him having Hepatitis C. He also argued that his family was undergoing some hardships and he would be able to help if he were out of prison. Finally, he argued that he should be released from prison due to prison overpopulation and understaffing. The trial court denied the motion and this appeal followed.

## ANALYSIS

Appellant raises the same issues on appeal. He argues that the trial court should have granted his motion due to COVID-19, familial hardship, prison overpopulation, and prison understaffing.

> CR 60.02 functions as a means by which a party may seek relief from a final judgment, based upon any reason of an extraordinary nature justifying relief. CR 60.02(f)[.] We review a trial court's disposition of a CR 60.02 motion for an abuse of discretion. The test for abuse of discretion is whether the trial judge's decision

---

[1] Kentucky Revised Statutes (KRS) 508.020.

[2] KRS 532.080(2).

was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (internal quotation marks and citations omitted).

We find no merit to Appellant's argument on appeal. Physical ailments and familial hardships are not grounds to amend or vacate a sentence pursuant to CR 60.02. *Id.* Furthermore, CR 60.02 is a mechanism in which a court can "address significant defects in the trial proceedings." *Id.* (citation omitted). COVID-19, familial hardship, prison overpopulation, and prison understaffing are not defects in trial proceedings; therefore, CR 60.02 does not apply in this case.

Appellant also argues that he has recently expunged the prior felony conviction used to enhance his sentence pursuant to the persistent felony offender statute. He claims he should not have to serve an enhanced sentence. There is nothing in the record to confirm this allegation and this argument was not raised in the trial court; however, at the time of his current conviction, the prior felony conviction was still a part of his criminal record and was properly used to enhance his punishment.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. The court did not abuse its discretion in denying Appellant's CR 60.02 motion.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Brandon Dawson, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky